**Ex parte Dennis BRINKMAN.**

**No. 59952.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1979.

Terry G. Collins and Stanley G. Schneider, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Opinion on Appellant's Motion
for Rehearing

DALLY, Judge.

This is an appeal from a habeas corpus proceeding in which the appellant sought reduction of bail pending appeal.

On February 1, 1979, in a per curiam opinion this appeal was affirmed with the opinion showing that no statement of facts had been filed. On motion for rehearing it was shown that through no fault of the appellant the statement of facts which had been filed was not included in the record.

The statement of facts has now been included in the record and we will reconsider the appellant's contentions.

The record before us has been very poorly developed by both the State and the appellant. The appellant filed his application for writ of habeas corpus by merely alleging that the ". . . defendant is illegally held and deprived of his liberty by . . . the Sheriff of Harris County." It is not alleged that the appellant had been convicted of two offenses. The return on the writ of habeas corpus which is in the transcript states that the appellant was being held on indictments and capiases in two causes charging him with delivery of controlled substances.

The State on the hearing of the writ failed to introduce the Sheriff's return on the indictment. The State also failed to introduce the judgment and sentence showing the appellant had been convicted. However, the judge stated:

"Let the record reflect in Cause No. 279663 and 279664 this defendant had been convicted of the offense of delivery of a controlled substance and in each case it was a plea of guilty to the jury. The punishment was assessed at five years in the Texas Department of Corrections in each case. This hearing is for bond."

The appellant was then called as a witness and testified that he had been convicted of the two offenses. His testimony is that his bail pending appeal in each case is $25,000. The appellant testified that he owned no property; he had been employed before being incarcerated; and he could obtain employment if released on bond. He testified he could make bail in the amount of $5,000 and possibly $10,000 in each case. He could not make bail in the amount of $50,000. The appellant had been a resident of Harris County for nine years; he was thirty-two years old; he had been recently married; and although he had planned to go to Florida, he had changed his plans and intended to remain in Harris County. He had never failed to appear when his case was called on the court's docket except on the first setting when there was some "mix-up" and he did not get notice to appear.

The appellant's wife lived with her parents; she was employed as a receptionist and earned $140 per week. She had title to an automobile which she indicated had been furnished to her by her father. She testified that she would probably be able to raise about $1,500 to pay a bonding fee and that she had already helped pay for the record for the appellant's appeal.

A witness who was in the real estate business and owner of two sandwich shops testified that he had known the appellant for about three years. The appellant had worked for him for about a year and a half as manager of a pizza parlor. This witness said that he would employ the appellant if he were released on bond to manage a sandwich shop, and he would be able to pay him somewhere between $150 and $200 per week. The witness also said he would be willing to let the appellant have $500 to use to pay the bond fee.

The trial judge stated that he wanted the record to reflect that the jury had assessed punishment of imprisonment for five years in each case, the minimum provided by law, and the appellant had testified that he made two sales of controlled substances purely for profit and for no other reason. The record does not show the quantity or what kind of controlled substance the appellant sold. There is nothing in the record to show that the appellant has any other criminal record.

After hearing the evidence the trial judge refused to reduce bail and ordered that the bonds remain at $25,000 in each case. We are reluctant to hold that the trial judge who had heard the witnesses and had all of the facts before him abused his discretion in refusing to reduce bail, but in view of the record before us, it appears that bail in the amount of $15,000 in each case would be sufficient and should be reduced to this amount.

It is so ordered.